UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RUDELL PETTIFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:07-CV-53 PS |
| ) | |
| DARRYLL LEE HIMELICK,, *et al.* ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Rudell Pettiford, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

    A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

    In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Pettiford alleges that on January 22, 2007, the defendants sent his mail back to the Marian Post Office without his knowledge or his consent. Mr. Pettiford states that he felt he was being discriminated against because his mail was sent back without his knowledge. Mr. Pettiford also contends that the defendants did not follow the grievance procedure because they never responded to his grievances regarding his missing mail.

Mr. Pettiford alleges that it was wrong for the defendants to return or withhold his mail without his knowledge or consent. It is true that prisoners have protected First Amendment interests in both sending and receiving mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). However, in *Rowe,* the Seventh Circuit also held that merely alleging an isolated delay in the mail or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support a cause of action under the First Amendment.  *See also Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987). Other Circuits have concurred with this view:

> We have never held or suggested that an isolated, inadvertent instance of opening incoming confidential legal mail will support a § 1983 damage action. Rather, we agree with other circuits that an isolated incident, without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access to the courts, does not give rise to a constitutional violation.

*Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (citations, quotation marks, and brackets omitted); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (same).  While it is true that legal mail is entitled to greater protection than non-legal mail, *Kaufman v. McCaughtry*, 419

2

F.3d 678, 686 (7th Cir. 2005), the above cases illustrate that even a single isolated incident of interference with legal mail, while wrong, does not amount to a constitutional violation.

Here, Mr. Pettiford states that his mail was from LaToya Williams, but Pettiford does not contend that it was legal mail. Under the facts as alleged in the complaint it does not matter whether the mail in question was legal or regular mail. This is because Mr. Pettiford does not allege, nor would it be reasonable to infer, that the defendants routinely denied Mr. Pettiford his mail. Rather, Mr. Pettiford merely states that on January 22, 2007, his mail was not delivered to him. Although it was wrong for the defendants to fail to deliver Mr. Pettiford's mail on January 22, 2007, this is a single isolated incidence. Such a single isolated incidence of interference does not give rise to a constitutional violation. Accordingly, this claim will be dismissed.

Next, Mr. Pettiford argues that he feels that he was racially discriminated against because the defendants withheld his mail. To assert a claim for racial discrimination, Mr. Pettiford needed to assert that a state actor treated him differently than a person of a different race and that the state actor did so purposefully. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Mr. Pettiford has not asserted, nor would it be reasonable to infer, that he was being treated differently than inmates of a different race, or that the defendants were not occasionally interfering with the mail belonging to inmates of a different race. Because Mr. Pettiford has not alleged that he was being treated differently than inmates of a different race, this argument fails to state a claim and should be dismissed.

Finally, Mr. Pettiford alleges that the defendants did not comply with the internal grievance process established within the prison system. In particular, Pettiford alleges that the defendants would not respond to his grievances. But this is not a constitutional concern. The

3

First Amendment gives Mr. Pettiford the right to redress his grievances through the judicial process. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The fact that Mr. Pettiford was able to bring this matter to this court demonstrates that he was given the ability to attempt to air his concerns. Therefore, this claim will be dismissed.

For the forgoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: April 12, 2007.

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
